Robert A. SMITH, Plaintiff—Appellant,

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS; et al.,** Defendants—Appellees.

No. 03–15484.

D.C. No. CV–94–01662–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Smith, Los Angeles, CA, pro se.

Krista Leigh Pollard, Esq., AGCA—Office of the California Attorney General (SAC), Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

## MEMORANDUM**

Robert A. Smith, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging failure to protect and excessive force. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir. 2001), and we affirm.

█ Smith alleged that the defendants failed to protect him from prison gang members who had put out a contract on his life. The district court properly determined that the defendants were entitled to qualified immunity because the evidence, viewed in the light most favorable to Smith, does not show that reasonable officials in the defendants' position would have clearly understood that their response or non-response to Smith's concerns about a gang contract was unlawful. *See Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1050–52 (9th Cir.2002) (concluding that officers were entitled to qualified immunity because a reasonable official could have believed that violent inmate did not pose substantial safety risk to his cellmate).

█ Further, the district court properly determined that Officer Gonsalves was entitled to qualified immunity on Smith's excessive force claim because there was no evidence to show that Gonsalves applied force maliciously and sadistically for the purpose of causing harm, rather than in a good-faith effort to restore discipline during Smith's altercation with his cellmate. *See Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir.2003) (concluding that "a reasonable officer could believe that shooting one inmate in the leg to stop an assault that could have seriously injured or killed another inmate was a good faith effort to restore order, and thus lawful[ ]").

Smith's remaining contentions lack merit.

**AFFIRMED.**

█

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.